Per Curiam.

The term, “uniform operation,” as used in the above-quoted constitutional provision permits the General Assembly to make a reasonable classification of subjects of statutory regulation.
“A statute is general and uniform, within the requirements of the Constitution, if it operates equally upon every person and locality within the circumstances covered by the act, and when a classification has a reasonable basis it is .not invalid merely because not made with exactness or because in practice it may result in some inequality.” Steele, Hopkins & Meredith Co. v. Miller, 92 Ohio St.., 115, 110 N. E., 648, L. R. A. 1916C, 1023.
The only classification made by Section 3513.256, Revised Code, supra, in prescribing requirements for nominating petitions is a distinction between candidates for nonjudicial office and candidates for judicial office. The statute operates equally on all members of a designated class. Relator contends that this classification is not based on any real distinction. This contention is answered in the case of State, ex rel. Weinberger, a Taxpayer, v. Miller, 87 Ohio St., 12, 99 N. E., 1078, 44 L. R. A. (N. S.), 712, Ann. Cas. 1913E, 761, which involved the constitutionality of an act to provide for the election of judicial officers by separate ballot. The act was held to be a valid exercise of legislative power and not repugnant to the Constitution. It is stated in the opinion, at page 49:
“* * * there is a substantial difference between the duties of judicial officers and the officers in the other departments of our government, and a consideration of these differences leads *460 to the conclusion that the classification made by the Legislature is a reasonable one. The question of the advisability of making such a classification is one for the Legislature and not for the courts. ’ ’
In State, ex rel. Newell, Jr., v. Brown, Secy, of State, 162 Ohio St., 147, 122 N. E. (2d), 105, that portion of Section 3513.256, Revised Code, as amended effective January 1, 1954 (125 Ohio Laws, 783), providing that “in counties having a population of one million or more, the nominating petition of independent candidates for the office of judge * * * shall be signed by qualified electors not less in number than seven per cent of the number of electors who voted for Governor at the next preceding reguiar state election in the territory over which such court has jurisdiction, or 2,500 electors, whichever is the lesser number,” was held unconstitutional in that it conflicted with Section 26, Article II of the Constitution. That case is easily distinguishable. Cuyahoga County was the only county in the state having a population of one million or more. At page 156, the opinion states:
“* * * to say that a law has uniform operation, which requires only 2,500 signatures to a nominating petition in Cuyahoga County and nearly ten times that number in Hamilton County and many times that number in several of the other counties of the state with the same problems and the same sort of population as Cuyahoga County, seems to us to be so fantastic as to approach absurdity.
i ( * * #
“* * * The law does not operate equally upon the members of the class to be affected * * *.”
The classification involved in the instant case is reasonable and valid. The demurrer to the petition is sustained and the writ is denied.

Demurrer sustained and writ denied.

'VVeygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.